**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,[1] | : | Case No. 18-22032 (JAD) |
| | : | |
| Debtors. | : | (Joint Administration Requested) |
| | : | |
| R.E. GAS DEVELOPMENT, LLC, *et al.*, | : | |
| | : | |
| Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| NO RESPONDENT, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**DEBTORS' EMERGENCY MOTION FOR AN ORDER
(I) AUTHORIZING THE DEBTORS TO MAINTAIN
AND FILE A CONSOLIDATED CREDITOR MATRIX,
(II) AUTHORIZING THE FILING OF A CONSOLIDATED
LIST OF TOP 30 UNSECURED CREDITORS, (III) APPROVING THE
MASTER SERVICE LIST AND (IV) APPROVING THE FORM AND MANNER
OF NOTICE OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

move the Court (this "Motion"), pursuant to section 105(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 1007, 2002 and 9007 of the Bankruptcy Rules of Federal

Procedure (the "Bankruptcy Rules") and Rules 1007-1, 1007-6 and 9013-1 of the Local

Bankruptcy Rules of the U.S. Bankruptcy Court for the Western District of Pennsylvania (the

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): R.E. Gas Development, LLC (5422); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799). The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

"Local Rules"), for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), (i) authorizing the Debtors to maintain and file a consolidated creditor matrix (the "Consolidated Creditor Matrix"); (ii) authorizing the Debtors to file a consolidated list of top 30 creditors in lieu of filing separate top 20 lists for each Debtor; (iii) approving the form and manner of the notice of commencement of the Debtors' chapter 11 cases (the "Case Commencement Notice");[2] and (iv) approving the master service list attached as Exhibit 1 to the Proposed Order (the "Master Service List").  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in possession of their properties and are managing their business, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor R.E. Gas Development, LLC ("R.E. Gas") is a Delaware limited liability company headquartered in State College, Pennsylvania.  Substantially all of the assets of R.E. Gas are located in Pennsylvania.  Its parent entity is Rex Energy Corporation ("Rex Energy"), a Delaware corporation.  Rex Energy was incorporated and became a public company in 2007.  Each of the other Debtors is a wholly-owned direct subsidiary of Rex Energy.  The Debtors are

---

[2] A copy of the Case Commencement Notice is attached to the Proposed Order as Exhibit 2.

independent oil and gas companies operating in the Appalachian Basin, engaged in the acquisition, production, exploration and development of oil, natural gas and natural gas liquids. The Debtors are focused on drilling and exploration activities in the Marcellus Shale, Utica Shale and Upper Devonian Shale.

4. Additional information regarding the Debtors and these chapter 11 cases (these "Cases"), including the Debtors' business, corporate structure, financial condition and reasons for and objectives of these Cases, is set forth in the *Declaration of Thomas C. Stabley in Support of First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

5. The Debtors seek entry of an order, in substantially the form of the Proposed Order, (a) authorizing the Debtors to maintain and file the Consolidated Creditor Matrix, (b) authorizing the Debtors to file a consolidated list of top 30 creditors in lieu of filing separate top 20 lists for each Debtor, (c) approving the Master Service List and (d) approving the form and manner of the Case Commencement Notice.

## BASIS FOR RELIEF

**A.  The Court Should Permit the Debtors to (1) Maintain and File a Consolidated Creditor Matrix and (2) File a Consolidated List of Top 30 Creditors**

6. The Bankruptcy Rules and the Local Rules set forth certain requirements for maintaining creditor matrices and preparing lists of the largest unsecured creditors in chapter 11 cases. Specifically, section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a) and Local Rules 1007-1(e) and 1007-6 each require a debtor in a chapter 11 case to file a list of its

creditors.[3] Finally, Bankruptcy Rule 1007(d) provides that a debtor must file, in addition to the list of creditors identified above, "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ."

7. The Court, however, has the authority to modify these rules where appropriate. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Local Rule 1001-2(c) ("Where appropriate in order to correct errors, adjust scheduling, or to accomplish substantial justice, a Presiding Judge may modify the applicability of any Local Bankruptcy Rule in a particular case or matter.").

8. Under the circumstances of these Cases, the Debtors believe that it would be more efficient and in the interest of justice (a) to file a single creditor matrix in satisfaction of section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a), Local Rule 1007-1 and Local Rule 1007-6, (b) for the Debtors' proposed claims agent[4] to maintain a single creditor mailing matrix and (c) for the Debtors to file a consolidated list of top 30 creditors in lieu of each Debtor filing a separate top 20 creditors list.

9. As in many large chapter 11 cases that are jointly administered,[5] the Debtors do not maintain lists of the names and addresses of their respective creditors on a debtor-specific

---

[3] *See* 11 U.S.C. § 521(a) ("The debtor shall file a list of creditors . . ."); Bankruptcy Rule 1007(a) (requiring a debtor to file a list of each entity contained on Schedules D, E and F, which schedules include secured and unsecured creditors); Local Rule 1007-1(e) ("At the time of filing the petition, the debtor shall file on the Case Management/ Electronic Case Files System ("CM/ECF System") Local Bankruptcy Form 29 (Notice Regarding Filing of Mailing Matrix) with the Mailing Matrix as an attachment."); Local Rule 1007-6 ("The List of 20 Largest Unsecured Creditors shall be filed with every voluntary Chapter 11 petition.").

[4] Contemporaneously with the filing of this Motion, the Debtors have filed an application to appoint Prime Clerk LLC as its claims and noticing agent (the "Claims Agent") under 28 U.S.C. § 156(c).

[5] The Debtors have filed a motion for joint administration contemporaneously with the filing of this Motion.

basis. Requiring the Debtors to segregate and convert their records at this time to provide four separate Debtor-specific creditor matrices would be an unnecessarily burdensome task.

10. Further, the top 20 creditors list is used primarily by the office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and to identify potential candidates to serve on any committee of unsecured creditors appointed under section 1102 of the Bankruptcy Code. *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) (stating that the purpose of the top 20 list is to facilitate the appointment of an unsecured creditors committee); 9 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1007.04 (16th ed. 2018) (stating that "the list enables the United States trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed."). Given the affiliated nature of the Debtors, the Debtors believe that filing one list of creditors holding the 30 largest unsecured claims on a consolidated basis (the "Consolidated Top 30 List") would facilitate the U.S. Trustee's review of creditors' claims and the appointment of a single unsecured creditors' committee in these Cases. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would only serve to frustrate its intended purpose.

11. In addition to the foregoing, the Debtors note that courts in this district and other districts in the Third Circuit have approved similar relief in other cases. *See*, *e.g.*, *In re M & G USA Corporation*, No. 17-12307 (BLS) (Docket No. 67) (Bankr. D. Del. Nov. 1, 2017); *In re rue21, inc.*, No. 17-22045 (GLT) (Docket No. 136) (Bankr. W.D. Pa. May 18, 2017); *In re Tidewater Inc.*, No. 17-11132 (BLS) (Docket No. 99) (Bankr. D. Del. Jun. 13, 2017); *In re*

*CST Industries Holding Inc.*, No. 17-11292 (BLS) (Docket No. 47) (Bankr. D. Del. Jun. 13, 2017).[6]

### B. The Court Should Approve the Master Service List[7]

12. The Debtors seek approval of the Master Service List attached as <u>Exhibit 1</u> to the Proposed Order. The Master Service List includes the mailing address information (and email address, if available) for, among others: (a) the U.S. Trustee for the Western District of Pennsylvania; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates; (c) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; and (d) the Debtors' significant creditors and equity holders, including, but not limited to, (i) Angelo, Gordon Energy Servicer, LLC, (ii) Wilmington Savings Fund Society, FSB and (iii) Wilmington Trust, National Association. The Debtors submit that the Master Service List is in substantial compliance with the Bankruptcy Rules and the Local Rules and as such, should be approved by the Court.

13. The Debtors' proposed claims and noticing agent, Prime Clerk, will maintain the Master Service List, which will be available by: (a) accessing the Debtors' bankruptcy case website maintained by Prime Clerk at http://cases.primeclerk.com/RexEnergy; or (b) contacting Prime Clerk directly at (877) 870-2280 or (347) 859-8018 (for international callers) or RexEnergyinfo@primeclerk.com.

---

[6] Because of their voluminous nature, the orders cited herein are not attached to this Motion. Copies of these orders are, however, available upon request to proposed chapter 11 counsel to the Debtors.

[7] As set forth above, contemporaneously with the filing of this Motion, the Debtors filed an emergency application to appoint and retain Prime Clerk LLC ("<u>Prime Clerk</u>") as their Claims Agent.

14. Prime Clerk will also maintain a list (the "2002 List") of all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002 (a "2002 Request"). Any party in interest that wishes to receive notice of the filings in these Cases will be added to the 2002 List after (a) filing a request on the docket that includes: the party's (i) name, (ii) street address, (iii) client(s), if applicable, (iv) telephone number, (v) facsimile number (if the party has such) and (vi) email address, and (b) serving the request on the Debtors' proposed counsel.

C.  **The Court Should Approve the Form and Manner of the Case Commencement Notice and Procedures Regarding Undeliverable Mail**

15. The Debtors request approval of their proposed form of the Case Commencement Notice, which includes notice of the initial meeting of creditors under section 341(a) of the Bankruptcy Code (the "Section 341 Meeting") and which is attached as Exhibit 2 to the Proposed Order. The proposed form of Case Commencement Notice is substantially in the form of Official Bankruptcy Form 309F and would be subject to any further revisions agreed to by the U.S. Trustee.

16. If the Case Commencement Notice or any other mail served in these Cases is returned to the Claims Agent as undeliverable with a forwarding address, the Claims Agent shall re-mail the document to the new forwarding address and update its mailing database accordingly. If any mail is returned to the Claims Agent as undeliverable with no forwarding address, the Claims Agent is under no further obligation to mail any additional notices or other pleadings to that address for the duration of these Cases, unless the applicable creditor or party contacts the Claims Agent to update its contact information.

17. The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of these Cases and the Section 341 Meeting.

## NOTICE

18. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the Western District of Pennsylvania; (b) the United States Attorney for the Western District of Pennsylvania; (c) those creditors holding the 30 largest unsecured claims against the Debtors; (d) Simpson Thacher & Bartlett LLP, as counsel to Angelo, Gordon Energy Servicer, LLC in its capacity as Administrative Agent and Collateral Agent for the Prepetition First Lien Credit Agreement; (e) Wilmington Savings Fund Society, FSB, as the indenture trustee for those certain 1.00%/8.00% Senior Secured Second Lien Notes due 2020 (the "Prepetition Second Lien Notes"); (f) Akin Gump Strauss Hauer & Feld LLP, as counsel to an ad hoc group of holders of the Prepetition Second Lien Notes; (g) BOKF, NA, as the indenture trustee for those certain 8.875% Senior Notes due 2020 and 6.250% Senior Notes due 2022; (h) the Internal Revenue Service; (i) the Securities and Exchange Commission; (j) the office of the attorney general for the states in which the Debtors operate; and (k) all parties entitled to notice pursuant to the Local Rules. As this Motion is seeking "first day" relief, this Motion and any order entered hereon will be served in accordance with the Local Rules. Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

## NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting: (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

| | |
|---|---|
| Dated:  May 18, 2018<br>(Pittsburgh, Pennsylvania) | Respectfully submitted,<br><br>/s/ *James D. Newell*<br>James D. Newell (PA 51337)<br>Timothy P. Palmer (PA 86165)<br>Tyler S. Dischinger (PA 314299)<br>BUCHANAN INGERSOLL & ROONEY PC<br>One Oxford Centre<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219-1410<br>Telephone:  (412) 562-8800<br>Facsimile:  (412) 562-1041<br>Email: james.newell@bipc.com<br>           timothy.palmer@bipc.com<br>           tyler.dischinger@bipc.com<br><br>- and -<br><br>Scott J. Greenberg<br>Michael J. Cohen<br>Anna Kordas<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281-1047<br>Telephone:  (212) 326-3939<br>Facsimile:  (212) 755-7306<br>Email: sgreenberg@jonesday.com<br>           mcohen@jonesday.com<br>           akordas@jonesday.com<br><br>- and -<br><br>Thomas A. Howley<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX  77002-2712<br>Telephone:  (832) 239-3939<br>Facsimile:  (832) 239-3600<br>Email: tahowley@jonesday.com<br><br>PROPOSED CO-COUNSEL FOR THE DEBTORS<br>AND DEBTORS IN POSSESSION |