**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>R.E. GAS DEVELOPMENT, LLC, *et al.*,[1]<br><br>Debtors. | Case No. 18-22032-JAD<br><br>Chapter 11<br><br>Jointly Administered |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENT,<br><br>Respondent. | Hearing Date: February 12, 2019 at 10:00 a.m. (prevailing Eastern Time)<br><br>Objection Deadline: February 5, 2019 at 4:00 p.m. (prevailing Eastern Time) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION PROCEDURES AND (B) OMNIBUS CLAIMS SATISFACTION PROCEDURES, (II) AUTHORIZING THE DEBTORS TO FILE SUBSTANTIVE OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULES 3007(c) AND (d), AND (III) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6)**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[2] respectfully state the following:

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): R.E. Gas Development, LLC (5422) (merged with and into Rex Energy Corporation effective January 9, 2019); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799) (merged with and into Rex Energy Corporation effective January 9, 2019). The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

[2] A detailed description of the Debtors and their business is set forth in greater detail in the *Declaration of Thomas C. Stabley in Support of First Day Pleadings* (the "First Day Declaration") (Docket No. 36), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the

## SUMMARY OF REQUESTED RELIEF

1. By this motion (this "Motion"), the Debtors seek entry of an order substantially in the form attached hereto as Exhibit A (the "Order"): (a) approving the objection procedures described herein, (b) approving the claims satisfaction procedures described herein, (c) authorizing the Debtors to assert substantive objections to "claims," as that term is defined by section 101(5) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (collectively, "Claims"), including requests for payment of administrative expense claims (collectively, "Administrative Claims"), in an omnibus format pursuant to rules 3007(c) and (d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (d) waiving the requirement in Bankruptcy Rule 3007(e)(6) that omnibus objections apply to no more than one hundred (100) Claims. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 502(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and Rule 9013-5 of

---

United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on May 18, 2018 (the "Petition Date"), The First Day Declaration is fully incorporated herein by reference.

the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Pennsylvania (the "Local Rules").

## BACKGROUND

5. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties and are managing their business, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Debtor R.E. Gas Development, LLC ("R.E. Gas") was a Delaware corporation headquartered in State College, Pennsylvania. Substantially all of the assets of R.E. Gas have historically been located in Pennsylvania. Prior to January 9, 2019, its parent entity was Rex Energy Corporation ("Rex Energy"), a Delaware corporation. Rex Energy was incorporated and became a public company in 2007. Prior to January 9, 2019 each of the other Debtors was a wholly-owned direct subsidiary of Rex Energy. The Debtors have historically operated as independent oil and gas companies in the Appalachian Basin, and were engaged in the acquisition, production, exploration and development of oil, natural gas and natural gas liquids. The Debtors focused on drilling and exploration activities in the Marcellus Shale, Utica Shale and Upper Devonian Shale. Effective January 9, 2019, R.E. Gas and Rex Energy I, LLC merged with and into Rex Energy.

7. On May 29, 2018, the United States Trustee for the Western District of Pennsylvania (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. Pursuant to paragraph 41 of the Confirmation Order (defined below), the Committee was dissolved on the Effective Date of the Plan (as defined therein).

8. On August 31, 2018, the Court entered that certain *Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection therewith; and (III) Granting Related Relief* (Docket No. 841), pursuant to which, among other things, the Debtors were authorized by the Court to sell substantially all of their assets.

9. Pursuant to *Notice of Sale Closing* (Docket No. 955), the Debtors provided notice that the authorized asset sale closed on September 30, 2018.

10. On October 16, 2018, the Court entered that certain *Findings of Fact, Conclusions of Law and Order Confirming Amended Chapter 11 Plan* (Docket No. 1011) (the "Confirmation Order"), pursuant to which, among other things, the Debtors' chapter 11 plan of liquidation was approved and confirmed by the Court (the "Plan").

11. Pursuant to its terms and as confirmed by the Confirmation Order, the Plan became effective on November 14, 2018.

**Claims Reconciliation Process**

12. On July 2, 2018, the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") (Docket No. 384)[3] pursuant to Bankruptcy Rule 1007 and the *Order Granting Second Motion to Extend Time to File Schedules of Assets and Liabilities and Statement of Financial Affairs* (Docket No. 260).

13. On June 28, 2018 and July 3, 2018, the Bankruptcy Court entered orders (Docket Nos. 361 and 390, respectively) establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claims") in these chapter 11 cases. Specifically, among

---

[3] *See also*: *In re Rex Energy* Corporation, (Case No. 18-22033, at Docket No. 30); *In re Rex Energy Operating Corp.* (Case No. 18-22034, at Docket No. 18); and *In re Rex Energy I, LLC* (Case No. 18-22035, at Docket No. 19).

other things, the Bankruptcy Court established: (a) August 6, 2018, at 5:00 p.m., prevailing Eastern Time, (the "General Claims Bar Date"), as the last date and time for certain creditors (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, to file Proofs of Claim based on prepetition Claims, including Claims arising under section 503(b)(9) of the Bankruptcy Code, against any Debtor; (b) November 14, 2018, at 5:00 p.m., prevailing Eastern Time, as the last date and time for governmental units to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date (ii) 30 days from the date of entry of such order to file Proofs of Claim for damages arising from such rejection; and (iii) any other date set by an order of the Court; and (d) the later of (i) the General Claims Bar Date or (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of a previously unfiled Schedule or an amendment or supplement to the Schedules as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim.

14. By this Motion, the Debtors seek approval to file omnibus objections to certain Claims in accordance with the procedures set forth herein.

**Proposed Objection Procedures**

15. The Debtors, together with their advisors, are continuing to review and reconcile all Claims asserted against their estates. To expedite and ultimately complete the Claims reconciliation process in a timely, efficient, and cost-effective manner, the Debtors seek approval to implement the procedures attached to the Order as Exhibit 1 (the "Objection Procedures"). The Objection Procedures describe the key aspects of the Debtors' proposed Claims objection process, including, among other things:

a. the form of omnibus objection (each, an "Omnibus Objection") that the Debtors will utilize;

b. the types of exhibits and supporting documentation that the Debtors will include with each Omnibus Objection;

c. the form of the notice that will be provided to affected creditors (the "Objection Notice");

d. where reasonably available, information for affected creditors to attempt to informally resolve the objection to their Claim and/or file a formal response thereto, and the implications of failing to timely resolve or respond to such objection;

e. information relating to filing a formal reply to a filed response; and

f. information relating to discovery and hearings on Omnibus Objections.

16. To protect the due process rights of creditors, the Debtors will comply with the procedural safeguards for Omnibus Objections set forth in Bankruptcy Rule 3007(e)(1) through (e)(5). For Omnibus Objections and Objection Notices which relate to greater than one hundred (100) Claims[4], the Debtors also intend to serve affected creditors with a customized Objection Notice,[5] substantially in the form attached to the Order as Exhibit 2, that will include, among other things, (a) the name of the claimant, (b) the Proof of Claim number, (c) the basis for the objection to each particular claim, (d) the response date and response procedures, and (e) the date, time, and location of the hearing and related procedures.

**Relief Pursuant to Bankruptcy Rules 3007(c), (d) and (e)(6)**

17. Although the Debtors expect to object to a number of Claims on the grounds enumerated in Bankruptcy Rule 3007(d), certain Claims necessitate objections on additional

[4] For Omnibus Objections involving one hundred (100) or less Claims, the Debtors intend to serve affected Creditors with a substantially similar, non-customized Objection Notice.

[5] While the Objection Notice generally will be in the form attached to the Order, it may be tailored to address issues specific to particular creditors, Claims, or objections, as necessary and appropriate.

grounds not expressly set forth therein (collectively, the "Additional Grounds"), including that such Claims, in whole or in part:

a. are inconsistent with the Debtors' books and records;

b. fail to specify the asserted Claim amount (or only assert the Claim amount as "unliquidated");

c. fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim;

d. seek recovery of amounts for which the Debtors are not liable;

e. have been satisfied by payment in full on account of such Claim from a party that is not a Debtor;

f. have been satisfied by one or more of the Debtors' insurers;

g. are incorrectly or improperly classified;

h. have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a court order indicating withdrawal of the Claim;

i. are filed against non-Debtors or are filed against multiple Debtors; or

j. are disallowed pursuant to section 502 of the Bankruptcy Code.

18. To minimize the cost, confusion, and delay otherwise attendant to preparing and filing individual objections on a Claim-by-Claim basis, the Debtors seek to object, pursuant to Bankruptcy Rules 3007(c) and (d), to certain Claims on the Additional Grounds outlined above in an Omnibus Objection format. Additionally, to minimize costs and to enable the Debtors to execute an efficient, expedient Claims resolution process, the Debtors seek a waiver of Bankruptcy Rule 3007(e)(6), so that they may include more than one hundred (100) Claims on Omnibus Objections. The Debtors believe that limiting the Omnibus Objections to one hundred (100) Claims or fewer, as required by Bankruptcy Rule 3007(e)(6), could result in repetitive and

costly Claims objections that could confuse creditors and unnecessarily complicate the Bankruptcy Court's docket.

19. The relief sought in this Motion will allow the Debtors to complete the Claims reconciliation process in a timely, efficient, and cost-effective manner by avoiding the costs, resources, and delay of preparing and filing hundreds of individualized objections based on the same or similar underlying grounds. Notably, the Objection Procedures protect creditors' due process rights by implementing the same safeguards for Omnibus Objections set forth in Bankruptcy Rule 3007(e) (with the exception of Bankruptcy Rule 3007(e)(6)), and the individualized noticing process described above with respect to those Omnibus Objections that relate to more than one hundred (100) Claims.

**Proposed Satisfaction Procedures**

20. To further streamline the Claims reconciliation process, the Debtors seek to notify certain claimants of the Debtors' belief that their Claims have been satisfied in full due to full payment during the pendency of these cases, pursuant to the Debtors' Plan or some other order of the Bankruptcy Court and will, therefore, be expunged from the Claims Register. To achieve that goal, the Debtors seek to implement the procedures attached to the Order as Exhibit 3 (the "Satisfaction Procedures"). The Satisfaction Procedures describe the key aspects of the Claims satisfaction process, including, among other things:

a. the form of notice of satisfaction (the "Notice of Satisfaction") that the Debtors will utilize;

b. the information necessary for affected creditors to object to the Notice of Satisfaction and/or file a formal response thereto; and

c. information regarding the implications of failing to timely object or respond to such Notice of Satisfaction.

21. The Debtors intend to serve affected creditors with a Notice of Satisfaction, substantially in the form attached to the Order as Exhibit 4,[6] that will include an exhibit containing a schedule of Claims affected thereby, listing, among other things, (a) names of the claimants, (b) the Proof of Claim numbers, (c) the amount for which each particular Claim has been satisfied, and (d) the objection date and objection procedures for objecting to the Notice of Satisfaction.

**Basis for Relief**

22. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated."). As such, the Debtors must review all claims in these chapter 11 cases as part of their claims reconciliation process.

23. In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords bankruptcy courts the discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a

[6] While the Notice of Satisfaction generally will be in the form attached to the Order, it may be tailored to address issues specific to particular creditors, Claims, or objections, as necessary and appropriate.

single objection."). Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, a bankruptcy court has the power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("a bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances"); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (the court can "use its equitable powers to assure the orderly conduct of the reorganization").

24. This Court has recently approved substantially similar omnibus objection and notice of satisfaction procedures. *See In re rue 21, inc., et al.* (Case No. 17-22045, at Docket No. 865).

25. Authorizing the Debtors to file Omnibus Objections consistent with the Objection Procedures and to send Notices of Satisfaction consistent with the Satisfaction Procedures are appropriate uses of the Bankruptcy Court's power under section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large chapter 11 cases.

26. The proposed Objection Procedures and Satisfaction Procedures provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of Claims by, among other things, (a) providing greater certainty in administering the objection process, (b) promoting the consensual resolution of Claims objections or, alternatively, establishing efficient and fair mechanisms to (i) settle Claims objections and (ii) notify creditors of the satisfaction of Claims, and (c) reducing the cost, time, and delay of prosecuting Claims

objections. And, the proposed Objection Procedures and Satisfaction Procedures respect creditors' due process rights by implementing the safeguards set forth for Omnibus Objections already authorized under Bankruptcy Rule 3007(e) (with the exception of Bankruptcy Rule 3007(e)(6)) and requiring service of the Objection Notice and Notice of Satisfaction on affected creditors in full compliance with the due process requirements of the Bankruptcy Code and Bankruptcy Rules.

27. Similarly, allowing the Debtors to object to Claims on Additional Grounds in an omnibus format, and allowing the Debtors to include more than one hundred (100) Claims on Omnibus Objections, will promote the efficient and cost-effective administration of the Debtors' estates. Moreover, the Claims objection process and Claims satisfaction process will be well-organized, and all parties in interest will benefit from a streamlined filing procedure with proper due process that will result in fewer pleadings, fewer hearings, and greater efficiency.

28. The Debtors believe that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights. Accordingly, the Debtors respectfully request that the Bankruptcy Court approve the relief requested herein.

## Notice

29. Notice of this Motion shall be given to: (a) the Office of the United States Trustee for the Western District of Pennsylvania; (b) the United States Attorney for the Western District of Pennsylvania; (c) Wilmington Savings Fund Society, FSB, as the indenture trustee for those certain 1.00%/8.00% Senior Secured Second Lien Notes due 2020 (the "Second Lien Notes"); (d) Akin Gump Strauss Hauer & Feld LLP, as counsel to an ad hoc group of holders of the Second Lien Notes; (e) BOKF, N.A., as the indenture trustee for those certain 8.875% Senior Notes due 2020 and 6.250% Senior Notes due 2022; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the office of the attorney general for the states in

which the Debtors operate; and (i) all parties entitled to notice pursuant Bankruptcy Rule 2002 and the Case Management Order (Docket No. 155) entered in these Cases. Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

**No Prior Request**

30. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting: (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

[Remainder of Page Intentionally Left Blank]

Dated: January 17, 2019

(Pittsburgh, Pennsylvania)

Respectfully submitted,

*<u>/s/ James D. Newell</u>*
James D. Newell (PA 51337)
Timothy P. Palmer (PA 86165)
Tyler S. Dischinger (PA 314299)
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email: james.newell@bipc.com
timothy.palmer@bipc.com
tyler.dischinger@bipc.com

CO-COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION