# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>R.E. GAS DEVELOPMENT, LLC, *et al.*,[1]<br><br>Debtors. | Case No. 18-22032-JAD<br><br>Chapter 11<br><br>Jointly Administered |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENT,<br><br>Respondent. | Related to Docket No. |

**ORDER (I) APPROVING**
**(A) OMNIBUS CLAIMS OBJECTION PROCEDURES**
**AND (B) OMNIBUS CLAIMS SATISFACTION PROCEDURES,**
**(II) AUTHORIZING THE DEBTORS TO FILE SUBSTANTIVE OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULES 3007(c) AND (d),**
**AND (III) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6)**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (I) approving (a) the Objection Procedures substantially in the form attached hereto as Exhibit 1, and (b) the

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): R.E. Gas Development, LLC (5422) (merged with and into Rex Energy Corporation effective January 9, 2019); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799) (merged with and into Rex Energy Corporation effective January 9, 2019). The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Satisfaction Procedures substantially in the form attached hereto as Exhibit 3, (II) authorizing the Debtors to assert substantive objections to Claims (including requests for payment of Administrative Claims) in an omnibus format pursuant to Bankruptcy Rules 3007(c) and (d), and (III) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than one hundred (100) Claims, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing on the Motion held before this Court (if any, the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to Claims (including requests for payment of Administrative Claims) on any basis provided for in Bankruptcy Rule 3007(d) and/or the

Additional Grounds; *provided, that*, the Reorganized Debtors shall not object to any personal injury or wrongful death claims on the bases of the Additional Grounds.

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to more than one hundred (100) Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4. The Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as Exhibit 1, which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in the preceding paragraph.

5. The Objection Notice substantially in the form attached hereto as Exhibit 2, and a substantially similar non-customized version thereof for Omnibus Objections affecting one hundred (100) or less Claims, are approved.

6. The Debtors may mail Notices of Satisfaction in accordance with the Satisfaction Procedures attached hereto as Exhibit 3, which are approved, that notify certain claimants of the Debtors' belief that those Claims have been satisfied in full and will, therefore, be expunged from the Claims Register absent a response from the Claim holder.

7. The Notice of Satisfaction substantially in the form attached hereto as Exhibit 4 is approved. To the extent no response is received from the recipient of the Notice of Satisfaction, such Claim shall be expunged from the Claims Register and such recipient shall not be treated as a creditor with respect to the Claim for purposes of these cases or the Debtors' Plan.

8. Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any Claim asserted against the Debtors

in the chapter 11 cases, or a waiver of any right of the Debtors to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such Claims.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Pittsburgh, Pennsylvania
Dated: _____________, 2019

_______________________________________
THE HONORABLE JEFFERY A. DELLER
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1 to EXHIBIT A

## Objection Procedures

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>R.E. GAS DEVELOPMENT, LLC, *et al.*,[1]<br><br>Debtors. | Case No. 18-22032-JAD<br><br>Chapter 11<br><br>Jointly Administered |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENT,<br><br>Respondent. | |

**PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS**

On January 17, 2019, the above-captioned debtors (collectively, the "Debtors"),[2] filed the *Debtors' Motion for Entry of an Order (I) Approving (a) Omnibus Claims Objection Procedures and (b) Omnibus Claims Satisfaction Procedures, (II) Authorizing the Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rules 3007(c) and (d), and (III) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* (Docket No. __) (the "Motion") with the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court"). On [________], 2019, the Court entered an order (Docket No. __) (the "Order") approving the Motion, including these omnibus objection procedures.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): R.E. Gas Development, LLC (5422) (merged with and into Rex Energy Corporation effective January 9, 2019); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799) (merged with and into Rex Energy Corporation effective January 9, 2019). The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Omnibus Objections**

1. Grounds for Omnibus Objections. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims on the grounds that such Claims, in part or in whole:

a. are inconsistent with the Debtors' books and records;

b. fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");

c. fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim;

d. seek recovery of amounts for which the Debtors are not liable;

e. have been satisfied by payment in full on account of such Claim from a party that is not a Debtor;

f. have been satisfied by one or more of the Debtors' insurers;

g. are incorrectly or improperly classified;

h. have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a court order indicating withdrawal of the Claim;

i. are filed against non-Debtors or are filed against multiple Debtors; or

j. are disallowed pursuant to section 502 of the Bankruptcy Code.

2. Form of Omnibus Objection. Each Omnibus Objection will be numbered consecutively, regardless of basis.

3. Supporting Documentation. To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4. Claims Exhibits. An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection. Claims for which there is more than one

basis for the Omnibus Objection will be referenced on each exhibit applicable thereto. The exhibits will include, without limitation, the following information, alphabetized by claimant:

a. the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b. the asserted amount of the Claim;

c. the grounds for the Omnibus Objection;

d. a cross-reference to the section of the Omnibus Objection discussing such Claim; and

e. other information, as applicable, including: (i) the proposed classification of Claims the Debtors seek to reclassify; (ii) the reduced Claim amounts of Claims the Debtors seek to reduce; or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

5. Objection Notice. Each Omnibus Objection affecting more than one hundred (100) Claims will be accompanied by a customized objection notice, substantially in the form annexed to the Order as Exhibit 2 (Omnibus Objections affecting one hundred (100) or less claims will be accompanied by a substantially similar, non-customized objection notice) (the "Objection Notice"), to address a particular creditor, Claim, or objection, which will:

a. describe the basic nature of the Omnibus Objection;

b. inform creditors that their rights may be affected by the Omnibus Objection;

c. describe the procedures for filing a written response (each, a "Response") to the objection, including all relevant dates and deadlines related thereto;

d. identify the hearing date, if applicable, and related information; and

e. describe how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6. Notice and Service. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, and (c) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7. Omnibus Hearings. Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (the "Hearing"). In the Debtors' sole discretion, and after notice to the affected claimant, the Debtors may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date. For Claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response

procedures or (b) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such Claim. If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Debtors did not file a notice of hearing previously.

8. Claims Paid or Payable by Third Parties. The Debtors shall provide 21 days' notice to the affected claimant party set forth on the Proof of Claim or their respective attorney of record prior to any disallowance of such Claim on the grounds that such Claims either (1) received payment in full on account of such Claim from a party that is not the Debtors or (2) are to be satisfied, in part or in whole, by one or more of the Debtors' insurers. During this period, the affected claimant may object to such disallowance, and if the parties cannot reach an agreed resolution, the matter shall be decided by the Court.

9. Contested Matter. Each Claim subject to an Omnibus Objection, along with any Responses thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such Claim. The Debtors may, in their discretion and in accordance with other orders of this Court, the Plan, the Confirmation Order or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

10. Parties Required to File a Response. Any party who disputes an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a party whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

11. Response Contents. Each Response must contain the following (at a minimum):

a. a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant

shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

12. Filing and Service of the Response. A Response will be deemed timely only if it is filed with the Court and *actually received* by the following parties (the "Notice Parties") by 4:00 p.m. (prevailing Eastern Time) on the day that is 20 calendar days after the date the Omnibus Objection is served (the "Response Deadline"):

| Debtors | Counsel to Debtors | United States Trustee |
|---|---|---|
| Tiffany King<br>R.E. Gas Development, LLC<br>366 Walker Drive<br>State College, PA 16801 | James D. Newell<br>Timothy P. Palmer<br>Kelly M. Neal<br>Tyler S. Dischinger<br>BUCHANAN INGERSOLL & ROONEY PC<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219 | Norma L. Hildenbrand<br>Office of the United States Trustee, Western District of PA<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, Pennsylvania 15222 |

13. Discovery. If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice. In accordance with Local Rule 9013-5(c), the first hearing on any Omnibus Objection contested with respect a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Rule 9013-5(c).

14. Failure to Respond. A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court

at the Hearing. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

15. Reply to a Response. The Debtors shall be permitted to file a reply to any Response no later than on the day that is two (2) days prior to the Hearing with respect to the relevant Omnibus Objection.

## Miscellaneous

16. Additional Information. Copies of these procedures, the Motion, the Order, or any other pleadings (collectively, the "Pleadings") filed in the chapter 11 cases are available for free online at https://cases.primeclerk.com/RexEnergy/. You may also obtain copies of any pleadings by visiting the Court's website at: http://www.pawb.uscourts.gov in accordance with the procedures and fees set forth therein.

17. Reservation of Rights. NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

# EXHIBIT 2 to EXHIBIT A

## Objection Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>R.E. GAS DEVELOPMENT, LLC, *et al.*,[1]<br><br>Debtors. | Case No. 18-22032-JAD<br><br>Chapter 11<br><br>Jointly Administered |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENT,<br><br>Respondent. | |

**NOTICE OF OBJECTION TO FILED PROOFS OF CLAIM AND DEADLINE BY WHICH A RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT**

**PLEASE TAKE NOTICE THAT** R.E. Gas Development, LLC and its debtor affiliates, (collectively, the "Debtors"),[2] are objecting to your Claim(s) by the attached objection (the "Objection").

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): R.E. Gas Development, LLC (5422) (merged with and into Rex Energy Corporation effective January 9, 2019); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799) (merged with and into Rex Energy Corporation effective January 9, 2019). The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**Important Information Regarding the Objection**

Grounds for the Objection. By the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table at the end of this notice on the grounds that your Claim(s) [is/are] [____]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures. On [___], 2019, the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") entered an order (Docket No. ___) approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases (the "Objection Procedures"). *Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.*

**Resolving the Objection**

Resolving Objections. To facilitate the consensual resolution of the Objection, certain of the Debtors' personnel and advisors will be available to discuss and potentially resolve the Objection to disputed Claims without the need for filing a formal response or attending a hearing. To facilitate such a discussion, please immediately contact: Timothy P. Palmer, Kelly M. Neal or Tyler S. Dischinger at Buchanan Ingersoll & Rooney PC, counsel to the Debtors, by (i) emailing timothy.palmer@bipc.com; kelly.neal@bipc.com; or tyler.dischinger@bipc.com; or (ii) calling 412-562-8800. Please have your Proof(s) of Claim and any related material available for any such discussions.

Parties Required to File a Response. If you are not able to consensually resolve the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents. Each Response must contain the following (at a minimum):

a. a caption with the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to your Claim, including the

specific factual and legal bases upon which you rely in opposing the Omnibus Objection;

c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or resolve the Omnibus Objection on your behalf.

Notice and Service. Your Response must be filed with the Court and served so as to be *actually received* **by 4:00 p.m. (prevailing Eastern Time) on [___], 2019** (the "Response Deadline") by the following parties (the "Notice Parties"):

| Debtors | Counsel to Debtors | United States Trustee |
|---|---|---|
| Tiffany King<br>R.E. Gas Development, LLC<br>366 Walker Drive<br>State College, PA 16801 | James D. Newell<br>Timothy P. Palmer<br>Kelly M. Neal<br>Tyler S. Dischinger<br>BUCHANAN INGERSOLL & ROONEY PC<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219 | Norma L. Hildenbrand<br>Office of the United States Trustee, Western District of PA<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, Pennsylvania 15222 |

Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Failure to timely file and serve a Response as set forth herein may result in the Court granting the Objection without further notice or hearing**. Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

Date, Time and Location. A hearing (the "Hearing") on the Objection will be held on [___], 2019, at [___] prevailing Eastern Time, before the Honorable Jeffery A. Deller, United States Bankruptcy Judge for the Western District of Pennsylvania, in Courtroom D of the United States Bankruptcy Court for the Western District of Pennsylvania, 600 Grant Street, 54th Floor, Pittsburgh, Pennsylvania 15219. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. **You must attend the Hearing if you disagree with the Objection and have filed a Response.** If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Debtors did not file a notice of hearing previously.

Discovery. If the Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice. In accordance with Local Rule 9013-5(c), the first hearing on any Omnibus Objection contested with respect a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Rule 9013-5(c).

## Additional Information

Additional Information. Copies of these procedures, the Motion, the Order, or any other pleadings (collectively, the "Pleadings") filed in the chapter 11 cases are available for free online at https://cases.primeclerk.com/RexEnergy/. You may also obtain copies of any pleadings by visiting the Court's website at: http://www.pawb.uscourts.gov in accordance with the procedures and fees set forth therein. **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY OBJECTION OR IN ANY OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS TO DISPUTE ANY CLAIMS, ASSERT ANY COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO THE CLAIM (OR ANY OTHER CLAIMS OR CAUSES OF ACTION OF ANY CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT ALLOWS A CLAIM OR SPECIFICALLY ORDERS OTHERWISE) OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. IN SUCH EVENT, THE AFFECTED CLAIMANT WILL RECEIVE A SEPARATE NOTICE OF ANY SUCH OBJECTION.**

Dated: [_____], 2019

(Pittsburgh, Pennsylvania)

*/s/*_________________________

James D. Newell (PA 51337)
Timothy P. Palmer (PA 86165)
Tyler S. Dischinger (PA 314299)
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email: james.newell@bipc.com
timothy.palmer@bipc.com
tyler.dischinger@bipc.com

CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

| Claimant Name | Claim No. | Debtor | Asserted Claim Amount[1] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
| | | | | | | |

[1] Asserted Claim amounts listed as $0.00 reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

# EXHIBIT 3 to EXHIBIT A

## Satisfaction Procedures

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>R.E. GAS DEVELOPMENT, LLC, *et al.*,[1]<br><br>Debtors. | Case No. 18-22032-JAD<br><br>Chapter 11<br><br>Jointly Administered |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENT,<br><br>Respondent. | |

**PROCEDURES FOR SERVING NOTICES OF SATISFACTION**

On January 17, 2019, the above-captioned debtors (collectively, the "Debtors"),[2] filed the *Debtors' Motion for Entry of an Order (I) Approving (a) Omnibus Claims Objection Procedures and (b) Omnibus Claims Satisfaction Procedures, (II) Authorizing the Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rules 3007(c) and (d), and (III) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* (Docket No. __) (the "Motion") with the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court"). On [_______], 2019, the Court entered an order (Docket No. ) (the "Order") approving the Motion, including these procedures for serving notices of satisfaction (the "Satisfaction Procedures").

---

1 The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): R.E. Gas Development, LLC (5422) (merged with and into Rex Energy Corporation effective January 9, 2019); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799) (merged with and into Rex Energy Corporation effective January 9, 2019). The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

2 All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## Satisfaction Procedures

1. Grounds for Satisfaction Procedures. The Debtors may serve omnibus notices of satisfaction (each, a "Notice of Satisfaction") with respect to Claims (including requests for payment of Administrative Claims) on the grounds that such Claims, according to the Debtors' books and records, have been satisfied in full pursuant to the Plan or an order of the Court.

## Responses to Notices of Satisfaction

2. Parties Required to File a Response. Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein, *provided, however*, that such party may not object to any amount previously approved by an order of the Court. If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures below, the Debtors are authorized to instruct the Notice and Claims Agent to expunge such Claim from the Claims Register without further notice to the claimant.

3. Response Contents. Each Response to a Notice of Satisfaction must contain the following (at a minimum):

a. a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b. a concise statement setting forth the reasons why the Court should not grant the Notice of Satisfaction with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Omnibus Objection; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4. Filing and Service of the Response. A Response will be deemed timely only if it is filed with the Court and *actually received* by the following parties (the "Notice Parties") by 4:00 p.m. (prevailing Eastern Time) on the day that is 20 calendar days after the date the Satisfaction Notice is served (the "Response Deadline"):

| Debtors | Counsel to Debtors | United States Trustee |
|---|---|---|
| Tiffany King<br>R.E. Gas Development, LLC<br>366 Walker Drive<br>State College, PA 16801 | James D. Newell<br>Timothy P. Palmer<br>Kelly M. Neal<br>Tyler S. Dischinger<br>BUCHANAN INGERSOLL & ROONEY PC<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219 | Norma L. Hildenbrand<br>Office of the United States Trustee, Western District of PA<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, Pennsylvania 15222 |

5. Failure to Respond. A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to timely file and serve a Response as set forth herein may result in the Debtors causing its Notice and Claims Agent to expunge such Claims from the Claims Register and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**. Upon entry of an order sustaining a Notice of Satisfaction, affected creditors will be served with such order.

**Miscellaneous**

6. Additional Information. Copies of these procedures, the Motion, the Order, or any other pleadings (collectively, the "Pleadings") filed in the chapter 11 cases are available for free online at https://cases.primeclerk.com/RexEnergy/. You may also obtain copies of any pleadings by visiting the Court's website at: http://www.pawb.uscourts.gov in accordance with the procedures and fees set forth therein.

7. Reservation of Rights. NOTHING IN ANY NOTICE OF SATISFACTION IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.

AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

# EXHIBIT 4 to EXHIBIT A

## Notice of Satisfaction

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>R.E. GAS DEVELOPMENT, LLC, *et al.*,[1]<br><br>Debtors. | Case No. 18-22032-JAD<br><br>Chapter 11<br><br>Jointly Administered |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENT,<br><br>Respondent. | |

**NOTICE OF SATISFACTION**

**PLEASE TAKE NOTICE THAT** R.E. Gas Development, LLC and its debtor affiliates, as debtors and debtors in possession, (collectively, the "Debtors"),[2] have identified you as holding a Claim(s) against the Debtors, which according to the Debtors' books and records, has/have been satisfied in full, all as set forth in greater detail in the table contained at the end of this notice.

**PLEASE TAKE FURTHER NOTICE THAT pursuant to the payments under the Plan and/or during the Debtors' chapter 11 cases, the Debtors believe you are not owed any amounts that relate to periods before [ ], 2019.**

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): R.E. Gas Development, LLC (5422) (merged with and into Rex Energy Corporation effective January 9, 2019); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799) (merged with and into Rex Energy Corporation effective January 9, 2019). The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE THAT** on [___], 2019, the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") entered an order (Docket No. ___) approving procedures for serving notices of satisfaction (the "Satisfaction Procedures"). *Please review the Satisfaction Procedures to ensure your response to the Notice of Satisfaction, if any, is timely and correctly filed and served.*

**PLEASE TAKE FURTHER NOTICE THAT** if you wish to contest the Debtors' position that your Claim(s) has/have been fully satisfied pursuant to the Plan or an order of the Court you must file a response (each, a "Response") with the Court and serve the Response upon the undersigned and the Notice Parties:

| Debtors | Counsel to Debtors | United States Trustee |
|---|---|---|
| Tiffany King<br>R.E. Gas Development, LLC<br>366 Walker Drive<br>State College, PA 16801 | James D. Newell<br>Timothy P. Palmer<br>Kelly M. Neal<br>Tyler S. Dischinger<br>BUCHANAN INGERSOLL & ROONEY PC<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219 | Norma L. Hildenbrand<br>Office of the United States Trustee, Western District of PA<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, Pennsylvania 15222 |

Responses, if any, must be served so as to be *actually received* on or before **4:00 p.m. prevailing Eastern Time on [___], 2019**, or such shorter time as the Court may hereafter order and of which you may receive subsequent notice (the "Response Deadline"). You may not object to any amount previously approved by an order of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** unless a Response is timely filed, served and received by the Response Deadline, the Debtors will cause its Notice and Claims Agent to expunge such Claim from the Claims Register and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Satisfaction Procedures or any other pleadings (collectively, the "Pleadings") filed in the chapter 11 cases are available for free online at https://cases.primeclerk.com/RexEnergy/. You may also obtain copies of any pleadings by visiting the Court's website at: http://www.pawb.uscourts.gov in accordance with the procedures and fees set forth therein. **Please do not contact the Court to discuss the merits of any Claim or any Objection or Satisfaction filed with respect thereto.**

Dated: [_____], 2019

(Pittsburgh, Pennsylvania)

*/s/*_______________________
James D. Newell (PA 51337)
Timothy P. Palmer (PA 86165)
Tyler S. Dischinger (PA 314299)
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email: james.newell@bipc.com
timothy.palmer@bipc.com
tyler.dischinger@bipc.com

CO-COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION

| Claimant Name | Claim / Schedule No. | Total Claim Value |
|---|---|---|
| | | |